# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINE M. SCHUCK, | ) | |
| | ) | |
| Claimant, | ) | Case No. 16 C 5936 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| NANCY A. BERRYHILL,[1] Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Caroline M. Schuck ("Claimant") seeks review of the final decision of Respondent Nancy A. Berryhill, Acting Commissioner of Social Security (the "Commissioner"), denying Claimant's applications for disability insurance under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 8.]

Pursuant to Federal Rule of Civil Procedure 56, both Claimant and the Commissioner moved for summary judgment. [ECF Nos. 20, 27.] For the reasons stated below, Claimant's Motion for Summary Judgment is granted, and the Commissioner's Motion for Summary Judgment is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] On January 23, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Berryhill is substituted for her predecessor Carolyn W. Colvin as the defendant in this case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I. PROCEDURAL HISTORY

Claimant filed applications for disability insurance benefits and supplemental security income on November 14, 2012, alleging a disability onset date of November 26, 2007. (R. 14.) After an initial denial and a denial on reconsideration, Claimant filed a request for an administrative hearing. (R. 151–52.) Claimant, represented by counsel, appeared and testified before an Administrative Law Judge ("ALJ") on August 18, 2014. (R. 28–86.) A Vocational Expert ("VE") also testified. (R. 77–84.)

On January 29, 2015, the ALJ issued a written decision denying Claimant's applications for disability insurance benefits and supplemental security income based on a finding that, from her alleged onset date through the date of the ALJ's decision, Claimant was not disabled under the Social Security Act. (R. 11–27.) The opinion followed the five-step sequential evaluation process required by Social Security Regulations. 20 C.F.R. § 404.1520. As an initial matter, the ALJ noted Claimant met the insured status requirements of the Social Security Act through March 31, 2009. (R. 16.) At step one, the ALJ found that although Claimant had worked after the alleged disability onset date, her work activity did not rise to the level of substantial gainful activity, and therefore, Claimant had not engaged in substantial gainful activity since November 26, 2007. (*Id*.) At step two, the ALJ found Claimant had the severe impairment of degenerative disc disease of the lumbar spine status-post fusion. (*Id*.) At step three, the ALJ found Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926) ("the Listings") (R. 17.)

Before step four, the ALJ determined Claimant's residual functional capacity ("RFC") changed during the alleged period of disability and, therefore, the ALJ crafted two RFC

determinations. The first RFC covered the time-period from November 26, 2007 through December 1, 2011, during which the ALJ determined that Claimant had the RFC to perform light work, but could only lift and carry twenty pounds occasionally and ten pounds frequently. (R. 17.) Claimant also could only stand or walk for two hours and sit for six hours during an eight-hour workday. (*Id.*) She could occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl, but she could never climb ladders, ropes, or scaffolding. (*Id.*) The second RFC applied to Claimant's ability to work after December 2, 2011, and the ALJ determined that Claimant continued to have the ability to perform light work with the additional limitation that she could sit continuously for thirty minutes and stand or walk continuously for forty-five minutes, and between these activities Claimant would need five minutes in a different position. (R. 17.) The ALJ also found that Claimant should avoid "concentrated exposure to hazardous machines with moving mechanical parts, work in high exposed places, and working with sharp objects." (*Id.*) Based on this RFC determination, the ALJ concluded at step four that Claimant was not capable of performing her past relevant work. (R. 20.)

At step five, the ALJ considered whether Claimant is able to do other work given her RFC, age, education, and work experience. (*Id.*) Based on Claimant's age, education, and work experience, the ALJ determined there are a significant number of jobs that exist in the economy for Claimant. (*Id.*) Because of this determination, the ALJ found Claimant was not disabled under the Social Security Act. (R. 21.) The Social Security Appeals Council subsequently denied Claimant's request for review, and the ALJ's decision became the final decision of the Commissioner. (R. 1–7.) *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). Claimant now seeks review in this Court pursuant to 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106–107 (2000). Under such circumstances, the district court reviews the decision of the ALJ. *Id.* Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his decision. *Nelms*, 553 F.3d at 1097.

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, however, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). If the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Thus, judicial review is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence to support the findings. *Nelms*, 553 F.3d at 1097. The reviewing court may enter a judgment

"affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

## III. DISCUSSION

Claimant presents three issues for review. First, Claimant argues the ALJ erred in her assessment of Claimant's RFC by not supporting her determination with substantial evidence. (Pl.s Mem. [ECF No. 20], at 8-11.) Second, Claimant argues the ALJ erred by giving little weight to the opinion of Claimant's treating physician. (*Id.* at 12-15.) Finally, Claimant argues the ALJ erred in her assessment of Claimant's credibility. (*Id*. at 15-18.)

### A. The ALJ's RFC Determination Is Not Supported by Substantial Evidence

Claimant argues that the ALJ's RFC determinations are erroneous because the ALJ rejected all medical opinions regarding Claimant's limitations, creating an evidentiary deficit, and improperly substituted her own lay opinion. (Pl's Mem. [ECF No. 20], at 8-10.) The Court finds that the ALJ's RFC determinations are not supported by substantial evidence.

A claimant's RFC describes the "work-related activities [that] the claimant can perform despite her limitations." *Young v. Barnhart,* 362 F.3d 995, 1000–01 (7th Cir. 2004); Social Security Ruling ("SSR") 96–8p ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). In assessing an individual's RFC, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8p, 1996 WL 374184, at *7. The ALJ "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular

5

and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform . . . ." *Id.* Moreover, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.*

Claimant argues that the ALJ violated SSR 96–8p by not supporting her RFC determinations with any evidence from the record. (Pl's Mem. [ECF No. 20], at 9.) Claimant argues that there is no evidence in the record to support the ALJ's limitations on sitting, walking and standing. In fact, the ALJ specifically cited evidence to the contrary that Claimant reports "her ability to work has been limited because of . . . her ability to sit or stand for no longer than 10-15 minutes with constantly switching positions or having to lie down. She further reported that she has leg numbness after 10-15 minutes of walking. . . ." (R. 18.) The ALJ, however, does not explain her reasoning for discounting these limitations asserted by Claimant. Claimant never testified that changing positions for a period of time would alleviate her pain and allow her to resume sitting or standing. It is well-established that an ALJ may not "cherry-pick" favorable evidence to support her opinion and ignore unfavorable evidence. *Bates v. Cohin*, 736 F.3d 1093, 1099 (7th Cir. 2013). Indeed, treatment notes from her physical therapist, which the ALJ relied upon for her findings that Claimant could stand for 45 minutes and sit for 30 minutes, reveal that after experiencing increased pain from maintaining these positions, Claimant was able to relieve her pain by lying on her side, taking pain and sleep medications, and sitting with a "WB" on the upper extremities which relieved the weight on her spine. (R. 441.)

The ALJ does not explain, in light of this evidence, how she reached her conclusion that changing positions for five minutes would relieve Claimant's pain and that Claimant then would be able to resume her initial position and continue working. An ALJ must explain how she

reached her conclusions about a claimant's physical capabilities and build an "accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *Briscoe ex ret Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). The ALJ also must identify some record basis to support the RFC finding. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011). She is not allowed to "play doctor" by using her own opinions to fill an evidentiary gap in the record. *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003). Because the ALJ does not explain how she reached her conclusion about changing positions, particularly considering Claimant's testimony, the treatment notes from her physical therapy which the ALJ specifically cited, and her rejection of the opinion of Claimant's treating physician as discussed below, remand is required.

Claimant also argues that the ALJ erred when she failed to discuss the possibility of Claimant's impairments worsening over time. (Pl's Mem. [ECF. No. 20], at 10-11.) The ALJ implicitly acknowledges that Claimant's impairments worsened over time by making a second RFC determination regarding Claimant's abilities after December 1, 2011. Claimant, however, criticizes the ALJ for not considering whether her level functioning continued to deteriorate over time based on her testimony at the hearing. It is not clear from the ALJ's opinion whether the ALJ considered the possibility that Claimant's functional capacity continued to deteriorate, and the Court will not speculate. On remand, the ALJ will have the opportunity to provide an explanation.

**B.     The ALJ's Explanation for Discounting the Opinion of Claimant's Treating Physician Is Not Supported by Substantial Evidence**

Next, Claimant argues that the ALJ did not provide sufficient reasons for rejecting the opinion of her treating physician Vimare Rodriguez, M.D. (Pl's Mem. [ECF No. 20], at 14.) The Court agrees.

7

Social Security regulations direct an ALJ to evaluate each medical opinion in the record. 20 C.F.R. § 404.1527(c).[2] Because of a treating physician's greater familiarity with a claimant's condition and the progression of her impairments, the opinion of a claimant's treating physician is entitled to controlling weight if it is supported by medical findings and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016); *Clifford v. Apfel*, 227 F.3d at 870. When an ALJ decides not to give controlling weight to a claimant's treating physician, the ALJ must provide a sound explanation for doing so. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our ... decisions for the weight we give your treating source's opinion.").

Even when an ALJ provides good reasons for not giving controlling weight, she still must determine and articulate what weight, if any, to give the opinion. *Scott v. Astrue*, 647 F3d 734, 740 (7th Cir. 2011). In making that determination, the regulations require the ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(c); *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014); *Moss*, 555 F.3d at 561. If she does not discuss each factor explicitly, the ALJ should demonstrate that she is aware of and has considered the relevant factors. *Schreiber v. Colvin*, 519 Fed. Appx. 951, 959 (7th Cir. 2013).

---

[2] Amendments to the regulations were published on January 18, 2017, Federal Register, Vol. 82, No. 11, page 5844-84. See https://www.gpo.gov/fdsys/pkg/FR-2017-01-18/pdf/2017-00455.pdf#page29. Since the amendments only apply to claims filed on or after March 27, 2017, all references to the regulations in this opinion refer to the prior version.

In this case, the ALJ determined that Dr. Rodriguez's medical opinion warranted "little weight" prior to December 2011. (R. 17.) The ALJ explained that she gave little weight to Dr. Rodriguez's opinion because evidence prior to December 2011 did not show Claimant had severe limitations. (*Id.*) While the ALJ's explanation for giving Dr. Rodriguez's opinion little weight prior to December 2011 may be supported by the record, the ALJ does not explain what weight, if any, she gave to Dr. Rodriguez's opinion after December 2011, particularly in the context of the second RFC. The ALJ's explanation that she gave light weight to Dr. Rodriguez's opinion prior to December 2011 accounts for a very small portion of Dr. Rodriguez's time treating Claimant.

The record shows that Dr. Rodriguez began treating Claimant in August 2011. (R. 500.) After that, the medical records reveal Claimant saw Dr. Rodriguez for various medical conditions, including back pain, on at least six occasions. (R. 8, 500, 518, 536, 542, 564.) During that same time, Claimant also saw other doctors for treatment of her back pain. (R. 464, 567.) On March 14, 2012, Dr. Rodriguez treated Claimant for her lower back pain. (R. 457.) On this occasion, Dr. Rodriguez reviewed EMG and CT scans, noting "evidence of prior posterior spinal fusion," normal alignment of the lumbar spine, and mild degenerative change in the sacroiliac joints. (*Id.*) On March 15, 2012, Dr. Rodriguez completed a residual capabilities assessment of Claimant. (R. 500.) At that time, Dr. Rodriguez asserted Claimant suffered from chronic lower back pain with symptoms including muscle spasms, radiculopathy, numbness and tingling, lack of endurance, and morning stiffness. (*Id.*) He noted Claimant experienced moderate to severe pain daily that was precipitated by factors including both movement and static positions. (*Id.*) He also noted evidence of nerve root compression. (*Id.*) Based on this evidence, Dr. Rodriguez concluded Claimant did not retain the functional capacity to work. (R.

501.) The ALJ does not address this evidence nor does she explain why she does not credit this opinion based on the evidence after December 2011.

Dr. Rodriguez again saw Claimant on April 18, 2012 for a follow-up appointment. (R. 461.) He noted patient is "progressing as expected" and will continue medications and physical therapy. (R. 462.) He again treated Claimant on October 3, 2012 and April 3, 2013 for her back pain and lumbar radiculopathy. (R. 468, 518.) He noted Claimant came to the clinic for a medication refill (*Id.*) and had not seen any change in pain from her acupuncture treatments. (R. 518.) Claimant again saw Dr. Rodriguez for other medical conditions on September 24, 2013. (R. 564.) Finally, on February 11, 2015, Dr. Rodriguez submitted a letter confirming Claimant's back pain, his treatment of her, and her continued symptoms. (R. 8.)

The ALJ explained in her opinion that Dr. Rodriguez's opinion that Claimant is unable to work is not controlling because that is an issue reserved solely for the Commissioner. (R. 17.); 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled."). However, a treating physician's expression of his own opinion as to a claimant's ability to work does not preclude consideration of his opinion in its entirety. While an ALJ is not required to follow a treating physician's assessment of a claimant's ability to work, the ALJ must provide a sound explanation when she decides not to give controlling weight to a claimant's treating physician. The ALJ fails to provide any further explanation for what weight she gave Dr. Rodriguez's opinion *after* December 2011 and does not offer any explanation as to why she did not consider his opinion and treatment notes or give them controlling weight or any other consideration.

Because the ALJ did not provide good reasons for not giving controlling weight to Dr. Rodriguez and did not articulate what weight, if any, she, in fact gave his opinion after December 2011, remand is required for further explanation.

## C. The ALJ's Evaluation of Claimant's Subjective Symptom Statements Is Not Patently Wrong

Claimant's final argument is that the ALJ erred in evaluating her subjective symptom statements. (Pl's Mem. [ECF NO. 20], at 15-18.) The Court disagrees with Claimant.

As an initial matter, since the ALJ issued her decision in this case, the Social Security Administration ("SSA") issued new guidance on how the agency assesses the effects of a claimant's alleged symptoms. Social Security Ruling ("SSR") 96-7p and its focus on "credibility" has been superseded by SSR 16-3p. 2016 WL 1119029, at *1. The new SSR directs the ALJ to focus on the "intensity and persistence of [the applicant's] symptoms" rather than on "credibility." *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) ("The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence.") Because SSR 16-3p is simply a clarification of the SSA's interpretation of existing law, rather than a change to it, this new ruling applies to Claimant's argument in this case. *See Quails v. Colvin*, No. 14 CV 2526, 2016 WL 1392320, at *6 (N.D. Ill. Apr. 8, 2016); *Hagberg v. Colvin*, No. 14 C 887, 2016 WL 1660493, at *6 (N.D. Ill. Apr. 27, 2016).

The new SSR still requires the ALJ to consider familiar factors in evaluating the intensity, persistence and limiting effects of a claimant's symptoms such as testimony, objective medical treatment, medication and its side effects, daily activities etc. *See* SSR 16-3p, 2016 WL 1119029, at *4-**7,** citing 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). An ALJ need not mention

11

every piece of evidence in her opinion. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). But an ALJ is obligated to consider all relevant medical evidence and may not cherry-pick facts by ignoring evidence that points to a disability finding. *Goble v. Astrue*, 385 Fed. Appx. 588, 593 (7th Cir. 2010). Moreover, an ALJ "may not disregard subjective complaints merely because they are not fully supported by objective medical evidence." *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995). The Court will not overturn an ALJ's credibility determination unless it is "patently wrong." *See Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015). A credibility determination is patently wrong when it "lacks any explanation or support." *Elder*, 529 F.3d at 413. The patently wrong standard is "extremely deferential" to an ALJ's credibility determination. *Bates v. Colvin*, 736 F.3d 1093, 1098 (7th Cir. 2013).

In her opinion, the ALJ noted that "the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (R. 18.) Claimant argues the ALJ erred because she did not evaluate *all* of the factors laid out in SSR 16-3p for evaluating the intensity, persistence, and limiting effects of a claimant's symptoms. (Pl's Mem. [ECF No. 20], at 15-18.) The SSR, however, does not require consideration of all factors, but rather "discuss[ion] of the factors pertinent to the evidence of the record." SSR 16-3p, 2016 WL 1119029, at *7. While the ALJ does not explicitly identify the factors she considered, her analysis clearly addresses many of the factors under SSR 16-3p, including Claimant's medical records and treatment, her daily activities, other treatment to relieve pain, and precipitating factors for the symptoms. (R. 18–19.)

Contrary to Claimant's assertions, the ALJ did provide reasons and examples for finding Claimant's symptom statements "not entirely credible." First, the ALJ pointed to the record and concluded that "the objective record shows that prior to the claimant's date last insured of March

12

31, 2009, the claimant was not as limited as she alleges." (R. 18.) The ALJ points to progress notes that document Claimant's "steady progression with no abnormal examination findings." (*Id.*) The ALJ also identified notes from July 28, 2008 in which Claimant "was released to permanent light-sedentary work with maximum lifting of 20 pounds." (*Id.*) The ALJ further explains that the record does not reveal any additional follow-up treatment for Claimant's back impairment until Claimant alleges worsening symptoms at a physical therapy on December 16, 2011, which the Court notes is well beyond Claimant's date last insured. (R. 19.)

The ALJ also points to additional evidence that "detracts" from Claimant's subjective symptoms. The ALJ acknowledged that Claimant "testified that walking aggravates her back pain. However, physical therapy notes reveal the claimant reported that walking helps reduce her back pain and she walks regularly." (*Id.*; R. 402, 404, 407, 409). Claimant also met all of her physical therapy goals (R. 19) and reported that her back pain is moderately well controlled with medication (R. 19).

Without discussing any of the reasons and examples the ALJ did discuss in her opinion, Claimant simply argues that the ALJ did not consider all of the factors set forth in SSR 16-3p. Yet, an ALJ is not required to "specifically address every piece of evidence" as long as she builds a logical bridge from the evidence to her conclusion. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). As the Seventh Circuit has regularly held, "[r]eviewing courts . . . should rarely disturb an ALJ's credibility determination, unless that finding is unreasonable or unsupported." *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008). Here, the ALJ sufficiently articulated "the reasons explained in this decision" and supported her credibility determination with citation to the record. Accordingly, the Court cannot conclude that the ALJ's evaluation of Claimant's subjective symptom statements wsa patently wrong.

## IV. CONCLUSION

For the reasons stated above, Claimant's Motion for Summary Judgment is granted [ECF No. 20], and the Commissioner's Motion for Summary Judgment [ECF No. 27] is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 28, 2017